## KLEIN v. HARTZELL et ux.
### No. 8651.

Court of Civil Appeals of Texas. San Antonio.
Oct. 21, 1931.

Rehearing Denied Nov. 18, 1931.

Boone & Raymer, of Corpus Christi, for plaintiff in error.

J. D. Todd and J. D. Todd, Jr., both of Corpus Christi, for defendants in error.

SMITH, J.

This suit is, in effect, an action in equity to set aside and cancel certain deeds, and to remove cloud cast by said deeds upon the title to the property therein conveyed.

It appears from the record that Harry Hartzell purchased with his separate funds certain lots in the town of Portland, in San Patricio county; that afterwards he conveyed said property in trust to W. R. Norton, with the understanding that the latter should later in a stipulated event reconvey the same to Hartzell; that thereafter Norton conveyed the property to Hartzell's mother, Josie Klein, burdened with the same trust agreement whereby Mrs. Klein should in the same event reconvey to Hartzell. Upon a trial, the court below found the facts above set out, and rendered judgment decreeing the title in the property to Hartzell and his present wife, Ella Hartzell, freed of the cloud cast upon the title by reason of said deeds. Mrs. Klein has appealed.

It further appears from the record that, at the time Hartzell conveyed the property in controversy to Norton, he was married to one Millie Hartzell, from whom he contemplated procuring a divorce, and that his purpose in conveying the property to another was to preclude any claim Millie Hartzell might assert in said property, which the trial court found to be merely a homestead interest which she voluntarily abandoned "for a full and satisfactory settlement and consideration." Millie Hartzell joined her husband in the general warranty deed by which the property was conveyed to Norton, and the trial court found that "no fraud was perpetrated nor attempted by" any of the parties "upon Harry Hartzell's said wife, Millie Hartzell, who never asserted any interest therein." The court further found that the conveyance of the property to Norton, and from Norton to Mrs. Klein, was made under an agreement among all of the parties that Mrs. Klein should reconvey to Hartzell upon the event of his divorce from Millie Hartzell, and that no fraud upon any one was intended or effectuated by the agreement or its performance. This suit was brought after Hartzell obtained a divorce from the said Millie Hartzell, and after he had married his present wife, Ella Hartzell, his codefendant in error.

■■ It was shown that plaintiff in error furnished to Hartzell a part of the funds with which the lots in controversy were improved, but that plaintiff in error, a wealthy woman, voluntarily and freely advanced such funds as gifts to Hartzell, reserving no liens to secure same and intending to reserve none; that Hartzell has at all times retained full possession of the property with all the rents and revenues derived therefrom, with plaintiff in error's full knowledge, consent, and acquiescence. In accordance with these findings, the trial judge concluded:

"As matters of law, that such suit being one for the recovery of the title and possession of such property owned by plaintiffs and occupied by them as their homestead and separate property, and being a suit at law therefor, against the defendant who held the legal title to same merely in trust, the plaintiffs are entitled to judgment for such property, to be held by them in the proportion as alleged and proved and adjudged in the decree of the Court.

"The Court finds as a matter of law that defendant having donated and given such monies put by her into the improvements and advanced to plaintiffs, she is in no wise entitled to recover same or to have any lien, claim or equities whatever in such property by reason thereof; and that plaintiffs are entitled to have judgment for the full fee simple title and possession of such property as against defendant, and that she take nothing whatever by reasons of any claims, demands or liens asserted."

As a practical matter, the case made below and presented here is one purely of fact issues, and the trial judge's findings thereon are supported by the evidence, and the judgment rendered, being responsive thereto, must be affirmed. It does not matter if appellees' action was improperly designated in the original petition as one in trespass to try title,

nor does it matter here whether the action was one in law or one in equity. The judgment rendered was in consonance with appellees' allegations, and the evidence and the court's findings supported those allegations.

We overrule plaintiff in error's assignments of error and the propositions thereunder, and affirm the judgment.

### On Motion for Rehearing.

In her motion for rehearing, plaintiff in error insists that the record shows, and that this court held in its original opinion, that the conveyance herein sought to be set aside was executed for the purpose of defrauding Millie Hartzell. Wherefore plaintiff in error urges that defendant in error, with hands soiled by this fraud, was not entitled to the equitable relief prayed for. Plaintiff in error is mistaken in the premise stated. The record shows, both in pleadings and evidence, and the trial court found with the approval of this court, that no fraud upon Millie Hartzell was intended or effectuated by the conveyance in question. Millie Hartzell, herself, joined in the conveyance in pursuance of a property settlement with defendant in error in anticipation of their divorce, and the whole record negatives the existence of any fraud or fraudulent intent in the transaction. The trial court therefore did not err in overruling plaintiff in error's demurrers to defendant in error's petition, or in his findings upon the evidence, or in the judgment based thereon.

It is true, as plaintiff in error contends, that a parol trust may be engrafted upon a deed conveying real estate only by clear and satisfactory evidence. But defendant in error met that burden in this case by clear and convincing testimony, which the trial court believed with full warrant therefor.

Plaintiff in error's motion for rehearing will be overruled.